UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

ISAAC JOSEPH,

                              Plaintiff,

          -against-

SERGEANT JOSE LUIS DELUNA, Shield No. 3058,
P.O. NICHOLAS LANE, Shield No. 5044, P.O. ANTHONY
PERLONGO, Shield No. 7866, P.O. MICHELLE
BATISTA, Shield No. 15578, P.O. CARLOS RAMOS,
Shield No. 2287 and THE CITY OF NEW YORK,

                              Defendants.

-------------------------------------------------------------------------X

AMENDED
COMPLAINT
JURY TRIAL DEMAND

          Plaintiff, ISAAC JOSEPH, by his attorney, ALAN D. LEVINE, ESQ., complaining

of the defendants herein, respectfully alleges as follows:

## JURISDICTION

          1.      This is a civil action, seeking compensatory damages, punitive damages

and attorney's fees.

          2.      This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the

fourth amendment to the Constitution of the United States.

          3.      Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

          4.      Plaintiff, invoking the pendent jurisdiction of this Court, also seeks

compensatory and punitive damages for battery and false arrest.

## VENUE

          5.      Venue is properly alleged in the Southern District of New York in that the

acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6.      Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7.      At all times relevant hereto, plaintiff, ISAAC JOSEPH, was and is a natural person, resident in the County of Kings, City and State of New York.

8.      At all times relevant hereto, defendant SERGEANT JOSE LUIS DELUNA, Shield No. 3058 (hereinafter "DELUNA") was and is a natural person, employed as a sergeant by the Police Department of defendant CITY OF NEW YORK.

9.      At all times relevant hereto, defendant P.O. NICHOLAS LANE, Shield No. 5044 (hereinafter "LANE") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK.

10.     At all times relevant hereto, defendant P.O. ANTHONY PERLONGO, Shield No. 7866 (hereinafter "PERLONGO") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK

11.     At all times relevant hereto, defendant P.O. MICHELLE BATISTA, Shield No. 15578 (hereinafter "BATISTA") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK

12.     At all times relevant hereto, defendant P.O. CARLOS RAMOS, Shield No. 2287 (hereinafter "RAMOS") was and is a natural person, employed as a police officer by the Police Department of defendant CITY OF NEW YORK

13.     At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

14.     On or about July 10, 2014, this date being within ninety (90) days after the pendent state claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

15.     More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claims.

16.     This action is commenced within one year and ninety days from the date the pendent claims herein accrued.

17.     The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### <u>AGAINST THE INDIVIDUAL DEFENDANTS</u>
### (42 U.S.C. §1983)

18.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "17" hereinabove as if more fully set forth at length herein.

19.     On or about April 23, 2014, at approximately 12:45 P.M., plaintiff was lawfully present on the uptown platform of the subway station located at East 96th Street and Lexington Avenue, in the County, City and State of New York.

20.     At the aforementioned time and place, plaintiff has just exited a train and was walking toward the exit.

21.     As plaintiff walked along the platform, he observed two of the individual defendants hereto holding a male on the station floor, while a young woman stood nearby, crying hysterically.

22.     One of the individual defendants hereto, described as a dark-skinned male police officer, possibly Hispanic, sat the aforementioned female down on a bench and unsuccessfully attempted to speak to her.

23.     Defendant BATISTA arrived and attempted to calm the aforementioned young woman.

24.     Shortly thereafter, defendant DELUNA approached the young woman and ordered her to be quiet or be arrested.

25.     The young woman looked at plaintiff, who was heading on his way toward the exit.

26.     Plaintiff looked back at the young woman and said, "Hey."

27.     At this point defendant DELUNA grabbed one of plaintiff's hands.

28.     Plaintiff pulled his hand away and said to defendant DELUNA, "Hey, chill."

29.     Defendant DELUNA responded to plaintiff's remark by saying, "You talking to a police officer like that?"

30.     Plaintiff responded, "You just grabbed my hand."

31.     Plaintiff stood still and put both hands behind his back, whereupon defendant DELUNA stated, "You think putting your hands behind your back is going to make this better for you?"

32.     Plaintiff responded that he had not done anything.

33.     Placing his hands on his utility belt, defendant DELUNA now stated, "You're about to find out what the NYPD is really about."

34.     Defendant DELUNA now stated, "I'm going to give you until the count of three to walk away because this is none of your business."

35.     Defendant DELUNA commenced counting.

36.     When defendant DELUNA reached the number three and plaintiff had still not left the area, defendant DELUNA once again unsuccessfully attempted to grab hold of one of plaintiff's arms.

37.     This time, when plaintiff pulled his arm away from defendant DELUNA, one of the other male individual defendants hereto tried to kick plaintiff's feet out from under him while the other male individual defendants attempted to grab his arms.

38.     Defendant BATISTA tried to pull him down to the ground by grabbing hold of his hair and yanking on it.

39.     Plaintiff managed to bring himself to the floor.  However, once plaintiff had placed himself down on the floor, he was punched, stomped on and handcuffed by the individual defendants hereto.

40.     Plaintiff is a model.  Thus, he was especially concerned with preventing any injury to his face.

41.     Plaintiff managed to resist the efforts of defendant DELUNA and the other individual defendants to slam his face against the floor.

42.     Already handcuffed, plaintiff tried to get up off the floor so as to protect his face but stopped when he felt something cold pressed against his back.

43.     At this point, plaintiff was pulled up by the handcuffs and pushed against the wall.

44.     The aforementioned dark-skinned Hispanic officer twisted the handcuffs so as to make them even tighter on plaintiff's wrists than they already were.

45.     Plaintiff was taken out of the subway station, placed in a van and transported to the stationhouse of Transit District 3.

46.     After a period of time had passed, plaintiff was transported to Manhattan Central Booking.

47.     Plaintiff was incarcerated at Manhattan Central Booking until he went before a judge of the Criminal Court of the City of New York, County of New York, at approximately 3:00 P.M. on the following day, April 24, 2014.

48.     Plaintiff was falsely and maliciously charged, on the complaint of defendant LANE, and in a superseding misdemeanor information of defendant DELUNA, with resisting arrest, an A misdemeanor; obstructing governmental administration in the second degree, an A misdemeanor; and disorderly conduct, a violation.

49.     Plaintiff was released on his own recognizance.

50.     At plaintiff's next court appearance, on May 27, 2014, he received an adjournment in contemplation of dismissal upon the recommendation of the Assistant District Attorney.

51.     The individual defendants violated plaintiff's rights, guaranteed to him by the fourth amendment to the Constitution of the United States, to be arrested only with probable cause therefor and to be free from the use of excessive force, in that, acting

under color of state law, they, without any cause or provocation whatsoever, kicked him, pulled his hair, punched him and stomped on him, intentionally tightly handcuffed him and falsely, maliciously and intentionally arrested and imprisoned him.

52.     Because of the aforementioned acts committed by the individual defendants hereto, plaintiff suffered a deprivation of his rights to be arrested only with probable cause and to not to be subjected to excessive force, guaranteed to him by the fourth amendment to the Constitution of the United States, and, as a result, was incarcerated for approximately twenty-six hours, was injured on his arms, his wrists, and one of his legs, was compelled to appear in court to defend himself against the criminal charges falsely made against him and suffered, and continues to suffer, serious and permanent physical and emotional injuries.

53.     By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### <u>AND THE CITY OF NEW YORK</u>
### (Battery)

54.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55.     On or about April 23, 2014, at approximately 12:45 P.M., on the uptown platform of the subway station located at East 96th Street and Lexington Avenue, in the

County, City and State of New York, the individual defendants hereto, without probable cause to do so, offensively touched plaintiff by pulling his hair, punching him, kicking him and handcuffing him very tightly.

56.     The aforementioned force used by the individual defendants hereto was not reasonable under the circumstances.

57.     At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

58.     By reason of the aforementioned battery committed against him by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered and continues to suffer serious and permanent physical and emotional injuries.

59.     As a result of the battery committed upon him by the individual defendants hereto, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action.

### AS AND FOR A THIRD CAUSE OF ACTION
### AGAINST DEFENDANTS DELUNA, LANE
### AND THE CITY OF NEW YORK
### (False Arrest)

60.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "59" hereinabove as if more fully set forth at length herein.

61.     On or about April 23, 2014, at approximately 12:45 P.M., on the uptown platform of the subway station located at East 96th Street and Lexington Avenue in the County, City and State of New York, defendant LANE, without probable cause, and acting pursuant to the direction of defendant DELUNA,  forcibly, wrongfully and unlawfully arrested plaintiff and, against plaintiff's own free will, caused him to be incarcerated for twenty-six hours.

62.     Defendant LANE, acting pursuant to the direction of defendant DELUNA, falsely, maliciously, wrongfully, unlawfully and illegally accused plaintiff of having committed the crimes of obstructing governmental administration and resisting arrest and the offense of disorderly conduct.

63.     As a result of the aforementioned arrest, plaintiff was illegally, falsely, maliciously, wrongfully and unlawfully kept in confinement at the stationhouse of Transit District 3 and Manhattan Central Booking for nearly twenty-six hours.  Moreover, plaintiff was compelled to appear in court on a subsequent occasion.

64.     At the time they committed the aforesaid acts of false arrest and false imprisonment, defendants DELUNA and LANE were acting within the scope of their employment by defendant CITY OF NEW YORK.

65.     By reason of the false arrest committed against him by defendants DELUNA and LANE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff suffered, and continues to suffer, serious and permanent physical and emotional injuries, lost his liberty and was compelled to appear in court to defend himself against the charges falsely and maliciously made against him.

66.     As a result of the aforementioned acts of false arrest and false imprisonment committed against him by defendants DELUNA and LANE, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in an amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants DELUNA and LANE, both amounts to be determined at the trial of this action.

WHEREFORE, plaintiff, ISAAC JOSEPH, demands judgment against the defendants, SERGEANT JOSE LUIS DELUNA, Shield No. 3058, P.O. NICHOLAS LANE, Shield No. 5044, P.O. ANTHONY PERLONGO, Shield 7866, P.O. MICHELLE BATISTA, Shield No. 15578, P.O. CARLOS RAMOS, Shield No. 2287 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION:  An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action;

SECOND CAUSE OF ACTION:   An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against the individual defendants, both amounts to be determined at the trial of this action; and

THIRD CAUSE OF ACTION:      An amount sufficient to compensate him for his injuries as enumerated hereinabove and, in addition, seeks punitive damages against defendants DELUNA and LANE, both amounts to be determined at the trial of this action.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      August 24, 2016

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 307
Kew Gardens, New York 11415
(718) 793-6363
Our File No. 2303