USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/23/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

ISAAC JOSEPH,

                        Plaintiff,

   -against-

SERGEANT JOSE LUIS DELUNA, Shield No.
3058, P.O. NICHOLAS LANE, Shield No.
5044, P.O. ANTHONY PERLONGO, Shield
No. 7866, P.O. MICHELLE BATISTA, Shield
No. 15578, P.O. CARLOS RAMOS, Shield No.
2287, and THE CITY OF NEW YORK,

                        Defendants.

-----------------------------------------------------------X

15-CV-5602 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Plaintiff Isaac Joseph ("Joseph") brings this action against Sergeant Jose Luis Deluna ("Deluna"), Officers Nicholas Lane, Anthony Perlongo, Michelle Batista, and Carlos Ramos (collectively, the "Individual Defendants"), and the City of New York, alleging false arrest, excessive force, and malicious prosecution pursuant to 42 U.S.C. § 1983, as well as false arrest and battery under state tort law. Defendants move for summary judgment dismissing all of the § 1983 claims and the state law claims with respect to all Defendants except Deluna.[1]

For the reasons stated below, the Court GRANTS summary judgment against Joseph with respect to Joseph's false arrest claims, because it was objectively reasonable for the Individual Defendants to determine that there was probable cause to arrest Joseph for obstruction of governmental administration in the second degree. The Court DENIES summary judgment

---

[1] Defendants also move for summary judgment with respect to Joseph's malicious prosecution claim against the Individual Defendants and Joseph's claims against Officer Nicholas Lane ("Lane"). (Defs.' Mem., ECF No. 73, at 8, 13–14.) Joseph does not oppose Defendants' motion with respect to these claims. (Pl.'s Opp'n, ECF No. 74, at 2, n. 1 & 2.) Accordingly, the Court GRANTS Defendants' motion for summary judgment as to the malicious prosecution claim and the claims against Lane.

against Joseph with respect to (i) Joseph's excessive force claims, because there is a disputed issue of material fact about the amount of force used during Joseph's arrest, (ii) the state law tort claims against Officers Anthony Perlongo ("Perlongo"), Michelle Batista ("Batista"), and Carlos Ramos ("Ramos"), because Joseph's notice of claim was sufficient even though it did not name these Defendants, and (iii) Joseph's respondeat superior claims against the City of New York, because the *Monell* standard does not apply to these claims.

## I. BACKGROUND

### A. Relevant Factual Background[2,3]

On April 23, 2014, Ramos and Perlongo, of the New York City Police Department Transit Bureau's Anti-Terrorism Unit, reported to the subway station at the intersection of 96th Street and Lexington Avenue in Manhattan. (Pl.'s Resp.,[4] ¶¶ 1, 3–5.) Inside the station, Ramos and Perlongo observed a man and a woman shoving and screaming at each other inside a northbound train. (*See id.*, ¶¶ 4–6.) Once the man and woman were off the train and separated, Ramos and Perlongo performed "warrant checks," and learned that the man had two open warrants. (*Id.*, ¶¶ 7–12.) The man was arrested, handcuffed, and searched. (*Id.*, ¶¶ 12–14.) Soon afterward, at about 12:45 p.m., Deluna and Batista arrived at the scene to back up Ramos and Perlongo. (*See id.*, ¶¶ 17–19.) Because Ramos and Perlongo were tending to the

---

[2] Defendants argue that their Statement of Undisputed Facts Pursuant to Local Rule 56.1, (ECF No. 71), should be deemed undisputed because Joseph's opposing 56.1 statement, (ECF No. 76), does not comply with the Local Rules. (Defs.' Reply, ECF No. 78, at 1–2.) It is true that Joseph's 56.1 statement does not comply with Local Rule 56.1 because it does not specifically controvert Defendants' statement in correspondingly-numbered paragraphs. Instead, Joseph's 56.1 statement adds facts to Defendants' 56.1 statement in bold typeface. However, in its discretion, the Court will weigh Joseph's 56.1 statement as Joseph intends— considering the text in bold typeface to indicate disputed or new facts as appropriate. *See* (Pl.'s Ltr., ECF No. 80, at 2); *Chaohui Tang v. Wing Keung Enters.*, 210 F. Supp. 3d 376, 408 (E.D.N.Y. 2016) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.") (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)) (internal quotation marks omitted).

[3] Unless otherwise noted, all factual statements are not in dispute.

[4] "Pl.'s Resp." refers to Plaintiff's Statement Pursuant to Local Rule 56.1, (ECF No. 76.).

arrested man, Deluna and Batista approached the woman, who was seated and unrestrained on a nearby bench. (*See id.* ¶¶ 16, 19–21.)

While the man and woman were screaming at each other, Joseph exited from a train into the station. (*Id.*, ¶ 23.) Seeing the man and the woman, Joseph decided to watch things unfold. (*Id.*, ¶¶ 23–28.) Eventually, Joseph approached the woman to console her. (*Id.*, ¶ 31.) An exchange ensued between Joseph and Deluna that culminated in Deluna giving Joseph "the count of three to walk away." (*Id.*, ¶¶ 31–44.) When Deluna counted to three and Joseph did not walk away, Deluna reached for Joseph to place him under arrest, at which point Joseph pulled his hand away. (*Id.*, ¶ 45.) Joseph was ultimately arrested by Deluna, Batista, and Perlongo. (*See id.*, ¶ 58.)

Joseph alleges that, during his arrest, he was punched between twenty and forty times, kicked between ten and twenty times, stomped at least ten times, struck with a rod, and that his head was bashed into the floor. (*Id.*, at ¶¶ 47–51.) Joseph claims to have suffered both physical and emotional injuries as a result of his arrest, although he never sought medical treatment for these injuries. (*See* Pl.'s Resp., ¶¶ 82, 85; Pl.'s Dep., at 172:07–16.) The Individual Defendants deny that any of them struck or kicked Joseph. (*See* Defs.' 56.1 Counterstatement, ECF No. 77, ¶ 100.)

Joseph was ultimately charged with obstructing governmental administration in the second degree, resisting arrest, and disorderly conduct. (*Id.*, ¶ 70.) On November 26, 2014, following an adjournment in contemplation of dismissal, these charges were all dismissed. (*Id.*, ¶¶ 90–91.)

B.   **Relevant Procedural History**

On July 10, 2014, Joseph filed a notice of claim in connection with the arrest, naming Deluna and describing other officers who were involved. (*Id.*, ¶¶ 92–93; Notice of Claim, ECF

3

No. 72-14.) On July 17, 2015, Joseph initiated this lawsuit. (Compl., ECF No. 1.) On August 24, 2016, Joseph filed the operative complaint. (Am. Compl., ECF No. 37.) On April 14, 2017, after discovery, Defendants moved for summary judgment. (Defs.' Mem., ECF No. 70.) On August 31, 2017, this case was reassigned to the undersigned.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the moving party shows that there is no "genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether there is a "genuine" dispute as to any material fact, "a court must construe the evidence in the light most favorable to the nonmoving party, drawing all inferences in that party's favor." *Jeffreys v. City of New York*, 426 F.3d 549, 553 (2d Cir. 2005) (citing *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003)). The burden of showing that "no [dispute as to any] material fact exists lies with the party seeking summary judgment." *Id.* (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

To demonstrate the existence of a genuine issue of material fact, "[t]he opposing party must come forward with affidavits, depositions, or other sworn evidence as permitted by Fed. R. Civ. P. 56, setting forth specific facts showing there exists a genuine issue of material fact." *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The nonmoving party successfully demonstrates a genuine issue of material fact if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (quoting *Roe v. City of Waterbury*, 542 F.3d 31, 35 (2d Cir. 2008)) (internal quotation marks omitted).

4

## III. DISCUSSION

### A. False Arrest Claims under § 1983 and New York Law

Defendants argue that Joseph's false arrest claims fail because Joseph's arrest was supported by either probable cause or, at a minimum, "arguable probable cause." (Defs.' Mem., ECF No. 73, at 5–8, 11–12.) Defendants are correct.

#### 1. Legal Standard

Probable cause to arrest is a complete defense against false arrest claims under both § 1983 and New York law. *See Simpson v. City of New York*, 793 F.3d 259, 265 (2d Cir. 2015) (citing *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007)); *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996). Probable cause exists where an arresting officer "has knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." *Simpson*, 793 F.3d at 265 (internal quotation marks omitted) (quoting *Weyant*, 101 F.3d at 852). Probable cause is measured based on "those facts available to the officer at the time of arrest and immediately before it." *Id.* (internal quotation marks omitted) (quoting *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006)).

Even in the absence of probable case, an officer is entitled to qualified immunity from a federal or New York state false arrest claim "if he had arguable probable cause to arrest the plaintiff." *Kass v. City of New York*, 864 F.3d 200, 206 (2d Cir. 2017); *accord Jenkins*, 478 F.3d at 88 (explaining that qualified immunity is a defense to false arrest claims under federal law and that a similar doctrine exists under New York common law). "Arguable probable cause exists when 'it was objectively reasonable for the officer to believe that probable cause existed, or . . . officers of reasonable competence could disagree on whether the probable cause test was met.'" *Kass*, 864 F.3d at 206 (quoting *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016))

(alteration in original). "The qualified immunity defense . . . is a broad shield that protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Id.* (quoting *Zalaski v. City of Hartford*, 723 F.3d 382, 389 (2d Cir. 2013)).

Here, the Defendants claim that there was probable cause to arrest Joseph for obstructing governmental administration in the second degree ("OGA"), New York Penal Law § 195.05. (Defs.' Mem., ECF No. 73, at 6.) The elements of OGA are: "1) intent; 2) obstruction or impairment of a government function, or preventing or attempting to prevent the performance of that function by 3) physical interference." *Esmont v. City of New York*, 371 F. Supp. 2d 202, 210 (E.D.N.Y. 2005) (citation omitted). The third element "need not be satisfied by the use of physical force, but can be met instead by the physical encroachment on police officers' work or by the performance of threatening and distracting movements near officers." *Hilderbrandt v. City of New York*, No. 13-CV-1955 (ARR) (VVP), 2014 WL 4536736, at *4 (E.D.N.Y. Sept. 11, 2014); *accord Kass*, 864 F.3d at 207 (explaining that the third element "can consist of 'inappropriate and disruptive conduct at the scene of the performance of an official function even if there is no physical force involved'") (quoting *People v. Romeo*, 9 A.D. 3d 744, 745 (3d Dep't 2004)), *cert. denied sub nom. Kass v. City of New York*, 138 S. Ct. 487 (2017).

Indeed, courts in this Circuit have explained that "merely approaching the police, or speaking during the course of a police action, or disregarding police instructions, will support a conviction for [OGA]." *Garcia v. Cty. of Westchester*, No. 11-CV-7258 (KMK), 2017 WL 6375791, at *16 (S.D.N.Y. Dec. 12, 2017) (Karas, J.) (quoting *Rasmussen v. City of New York*, 766 F. Supp. 2d 399, 403 (E.D.N.Y. 2011)) (internal quotation marks omitted). With respect to OGA, "[t]he Legislature intended . . . that criminal responsibility should attach to minimal interference set in motion to frustrate police activity." *Matter of Davan L.*, 91 N.Y.2d 88, 91 (1997).

6

2. <u>Discussion</u>

It is not disputed that Deluna told Joseph to leave the scene by the count of three and, when Joseph failed to do so, Deluna reached out to arrest Joseph, whereupon Joseph "pulled his hand away" and was arrested thereafter. (*See* Pl.'s Resp., ¶¶ 44–45.) This occurred while a man and a woman were screaming at each other, even as one was in handcuffs and both were surrounded by police officers. (*Id.*, ¶ 23.) Because Joseph's conduct was "inappropriate and disruptive," it was objectively reasonable for the Individual Defendants to believe there was probable cause to arrest Joseph for OGA. *See Kass*, 864 F.3d at 207; *Garcia*, 2017 WL 6375791, at *16 ("[O]ther cases make clear that approaching a police officer effecting an arrest can, in some circumstances, give rise to probable cause under § 195.05.") (citing *In re Joshua C.*, 735 N.Y.S.2d 324, 325 (4th Dep't 2001); *People v. Romeo*, 9 AD.3d at 745). Thus, because the Individual Defendants had—at a minimum—arguable probable cause to arrest Joseph for OGA, they are entitled to qualified immunity.

Because the false arrest claims are dismissed, the respondeat superior claim against the City for false arrest is also dismissed. *See Ikezi v. City of New York*, No. 14-CV-5905 (MKB), 2017 WL 1233841, at *16 (E.D.N.Y. Mar. 31, 2017) ("Because the Court grants Defendants' motion for summary judgment and dismisses Plaintiffs' state-law false arrest claims, the Court also dismisses the *respondeat superior* claims.") (citing *Conte v. Cty. of Naussau*, 596 F. App'x 1, 3 (2d Cir. 2014)); *Alhovsky v. Ryan*, 658 F. Supp. 2d 526, 539 (S.D.N.Y. 2009) (McMahon, J.) (holding that, "because the false arrest and false imprisonment claims have been dismissed under state as well as federal law, the City cannot be held vicariously liable for either of those torts"),

*aff'd sub nom. Alhovsky v. Paul*, 406 F. App'x 535 (2d Cir. 2011).[5]

Accordingly, summary judgment as to the false arrest claims is GRANTED against Joseph.

**B.     Excessive Force Claim under § 1983**

Defendants argue that Joseph's excessive force claim fails because the force used to arrest Joseph was reasonable and Joseph's injuries are *de minimis* or, in the alternative, Defendants are entitled to qualified immunity. (Defs.' Mem., ECF No. 73, at 8–10, 12–13.) Defendants are wrong.

1.     Legal Standard

Excessive force claims are "analyzed under the Fourth Amendment's 'objective reasonableness' standard." *See Graham v. Conner*, 490 U.S. 386, 388 (1989). Courts deciding whether the amount of force used was reasonable consider "the totality of the circumstances faced by the officer on the scene." *Lennon v. Miller*, 66 F.3d 416, 425 (2d Cir. 1995). Joseph "must establish that the amount of force used was more than *de minimus* [sic]." *Rincon v. City of New York*, No. 03-CV-8276 (LAP), 2005 WL 646080, at *5 (S.D.N.Y. Mar. 21, 2005) (Preska, J.). To survive a summary judgment motion, a plaintiff "need not provide medical records, his testimony regarding his pain is sufficient." *Graham v. City of New York*, 928 F. Supp. 2d 610, 620 n.5 (E.D.N.Y. 2013). "Since the law in this area is well-established, 'in Fourth Amendment unreasonable force cases, unlike in other cases, the qualified immunity

---

[5] Joseph argues in his memorandum of law that, because Defendants do not contend that there was probable cause to arrest Joseph for false arrest, Joseph "may proceed to trial on his allegation that he was falsely arrested on that charge." (Pl.'s Mem., ECF No. 74, at 2.) Joseph is wrong. The existence of arguable probable cause to arrest Joseph for OGA precludes his false arrest claims *in toto*. *See Kass*, 864 F.3d at 206 ("An officer is entitled to qualified immunity from a federal false arrest . . . claim if he had arguable probable cause to arrest the plaintiff for any offense, regardless of the offense with which the plaintiff was actually charged.") (collecting cases).

inquiry is the same as the inquiry made on the merits.'" *Washpon v. Parr*, 561 F. Supp. 2d 394, 407–08 (S.D.N.Y. 2008) (Buchwald, J.) (quoting *O'Bert ex rel. Estate of O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003)).

2. Discussion

Here, summary judgment is precluded as to Joseph's excessive force claim because the parties dispute a material fact—the amount of force used on Joseph. Although Joseph claims that he was punched between twenty and forty times, kicked between ten and twenty times, stomped on at least ten times, hit with a rod, and that his head was bashed into the floor, (Pl.'s Resp. ¶¶ 47–51), the Individual Defendants all deny having struck or kicked Joseph. (*See* Defs.' 56.1 Counterstatement, ECF No. 77, ¶ 100.) Construing the evidence in the light most favorable to Joseph, a reasonable officer should have known that punching, kicking, and stomping on an arrestee the number of times described by Joseph would violate a clearly-established constitutional right not to be subjected to excessive force. *See Pierre-Antoine v. City of New York*, No. 04-CV-6987 (GEL), 2006 WL 1292076, at *6 (S.D.N.Y. May 9, 2006) (Lynch, J.) ("It is clear that if [Plaintiff's] account is credited, [Defendant] would not be entitled to qualified immunity on [Plaintiff's] excessive force claims, because a reasonable officer would have known that repeatedly punching, kicking, and stomping on [Plaintiff] violated a clearly established constitutional right not to be subjected to excessive force during arrest.").

Defendants argue that Joseph's excessive force claim fails because Joseph's injuries were *de minimis*. (Defs.' Mem., ECF No. 73, at 9.) In making this argument, Defendants rely principally on the absence of documentation of any serious injuries to Joseph. Defendants are correct that, apart from Joseph's own testimony, his only evidence of the alleged injuries consists of photographs, taken on an unknown date, showing minor scrapes and bruises. (*See* Photos of Pl., ECF No. 72-12; Pl.'s Dep., at 167:05-10, 168:18-169:01, 170:04-14, (Joseph's testimony was

9

that the photographs were taken within a year of his arrest, but that he was unsure of when they were taken).) But Joseph claims that he suffered several injuries, including injuries to his wrist, both of his arms, his left ear, and his head, some of which caused him pain for "a while" after the incident. (Pl.'s Dep., at 161:14–162:02.) This is sufficient for the excessive force claim to survive summary judgment. *See Graham*, 928 F. Supp. 2d at 620 n.5 (citing *Maxwell v. City of New York*, 380 F.3d 106, 109–10 (2d Cir. 2004)). Thus, Defendants' motion for summary judgment with respect to Joseph's excessive force claim is DENIED.

### C. State Law Tort Claims against Perlongo, Batista, and Ramos

Defendants argue that Joseph's state law claims against Perlongo, Batista, and Ramos should be dismissed because Joseph failed to name these Defendants in his notice of claim. (Defs.' Mem., ECF No. 73, at 15–16.[6]) As discussed below, Defendants are incorrect.

#### 1. Legal Standard

"Under New York law, a notice of claim is a condition precedent to bringing a tort claim against a municipality and any of its officers, agents, or employees." *Johnson v. City of New York*, No. 15-CV-8195 (GHW), 2017 WL 2312924, at *7 (S.D.N.Y. May 26, 2017) (Woods, J.) (citing N.Y. Gen. Mun. Law §§ 50-e(1), 50-i(1), and collecting cases). "[I]n a federal court, state notice-of-claim statutes apply to state-law claims." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis omitted).

"When the highest state court has not ruled directly on [an] issue presented, a federal court must make its best estimate as to how the state's highest court would rule in the case." *Anderson v. Hedstrom Corp.*, 76 F. Supp. 2d 422, 431 (S.D.N.Y. 1999) (Smith, M.J.). "In

---

[6] Defendants also move for summary judgment on the state law claims against Lane on this same basis. As discussed above, however, Joseph's claims against Lane are dismissed. Defendants' motion with respect to Lane is therefore DENIED as moot.

determining how the highest state court would resolve a particular issue, courts can consider all of the resources the highest court of the state could use: a forum state's inferior courts, decisions from sister states, federal decisions, and the general weight and trend of authority." *Reyes v. City of New York*, 992 F. Supp. 2d 290, 301 (S.D.N.Y. 2014) (Torres, J.) (citing *Francis v. INA Life Ins. Co. of New York*, 809 F.2d 183, 185 (2d Cir. 1987)).

The New York Court of Appeals has not yet ruled on whether a notice of claim must name each individual defendant to be effective. New York's appellate courts are divided, with the majority ruling against this requirement. *Compare Alvarez v. City of New York*, 134 A.D. 3d 599, 600, 607 (1st Dep't 2015) (affirming motion court's dismissal for failure to name individual defendants in notice of claim) *with Blake v. City of New York*, 148 A.D. 3d 1101, 1106 (2d Dep't 2017) (reversing dismissal for failure to name defendants in notice of claim); *Pierce v. Hickey*, 129 A.D. 3d 1287, 1288 (3d Dep't 2015) (holding that the trial court "correctly concluded that plaintiff was not required to individually list [a defendant] on the underlying notice of claim"); *Goodwin v. Pretorius*, 105 A.D. 3d 207, 216 (4th Dep't 2013) (affirming denial of motion to dismiss based, *inter alia*, on the fact that the defendants were not named in the notice of claim). The Court of Appeals has held that, "in determining compliance with the requirements of General Municipal Law § 50-e, courts should focus on the purpose served by a Notice of Claim: whether based on the claimant's description municipal authorities can locate the place, fix the time and understand the nature of the accident." *Brown v. City of New York*, 95 N.Y.2d 389, 393 (2000).

2. Discussion

I join the growing number of courts in this Circuit who believe that it is unlikely that the New York Court of Appeals will adopt a requirement that a notice of claim name each individual defendant. *See, e.g., Garcia*, 2017 WL 6375791, at *28 ("In light of the fact that three out of

11

the four New York appellate departments have declined to require plaintiffs to specifically name each individual defendant as a respondent in the notice of claim, and in light of the New York Court of Appeals' directive that '[t]he test of the sufficiency of a [n]otice of [c]laim is merely whether it includes information sufficient to enable the city to investigate' and that '[n]othing more may be required,' the Court concludes that the requirement imposed by the First Department to specifically name each individual defendant as a respondent in the notice of claim is unlikely to be adopted by the New York Court of Appeals.") (internal citation omitted) (alterations in original) (quoting *Brown*, 95 N.Y.2d at 393); *Reyes*, 992 F. Supp. 2d at 301–02 (S.D.N.Y. 2014) (same); *Kennedy v. City of Albany*, No. 15-CV-00491 (MAD), 2015 WL 6394513, at *4 (N.D.N.Y. Oct. 22, 2015) (same); *Weaver v. City of New York*, No. 13-CV-20 (CBA) (SMG), 2014 WL 950041, at *8 (E.D.N.Y. Mar. 11, 2014) (same). Joseph's notice of claim states the date, time, and location of Joseph's arrest, along with a narrative recounting the other facts relevant to this case. (Notice of Claim, ECF No. 75-3, ¶ 3.) The notice of claim even sets forth physical descriptions of some of the officers involved in Joseph's arrest. (*Id.*) The Court finds that, based on Joseph's notice of claim, the City was able to "locate the place, fix the time and understand the nature of the accident." *Brown*, 95 N.Y.2d, at 393. For these reasons, the Court rejects Defendants' argument that Joseph's notice of claim is deficient merely because it does not name Perlongo, Batista, or Ramos. Accordingly, Defendants' motion for summary judgment on this ground is DENIED.

### D. Claims against the City of New York

Defendants argue that Joseph's state law claims against the City of New York must be dismissed because "there is no evidence in this case to prove . . . that any alleged violation of plaintiff's constitutional rights resulted from any custom, policy, or failure to train on the part of the City of New York." (Defs.' Mem., ECF No. 73, at 16.) In so arguing, Defendants seek to

hold Joseph's claims to the standard set forth in *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), for § 1983 claims asserted against a municipality. But, as Joseph points out, Joseph asserts these claims against the City pursuant to state law, not § 1983. Because these are state law claims relying on the doctrine of respondeat superior, they need not satisfy the *Monell* standard. *See Plair v. City of New York*, 789 F. Supp. 2d 459, 467–70 (S.D.N.Y. 2011) (Sweet, J.) (granting motion to dismiss *Monell* claims while denying motion to dismiss respondeat superior claims against the City of New York); N.Y. Pattern Jury Instr.--Civil 9 Intro. 1 (explaining that "a municipality is liable for the negligent acts or torts of its duly appointed police officers, provided that the police officer was acting in the performance of his or her duties and within the scope of employment"); N.Y. Gen. Mun. Law § 50-j (McKinney) (same). Accordingly, Defendants' motion for summary judgment as to Joseph's claims against the City of New York is DENIED.

## IV. CONCLUSION

For the reasons above, the Court GRANTS summary judgment against Joseph with respect to Joseph's false arrest claims, because it was objectively reasonable for the Individual Defendants to determine that there was probable cause to arrest Joseph for obstruction of governmental administration in the second degree. The Court DENIES summary judgment against Joseph with respect to (i) Joseph's excessive force claims, because there is a disputed issue of material fact about the amount of force used during Joseph's arrest, (ii) the state law tort claims against Perlongo, Batista, and Ramos, because Joseph's notice of claim was sufficient even though it did not name these Defendants, and (iii) Joseph's respondeat superior claims against the City of New York, because the *Monell* standard does not apply to these claims.

The Clerk of Court is directed to terminate the motion at ECF No. 70.

The parties shall, by April 6, 2018, submit to the Court a joint letter outlining the steps

13

that need to be taken before the case is Ready for Trial. The parties shall file a joint pretrial order by April 27, 2018. By that date, the parties shall also advise the Court whether they consent to trial of this case before a Magistrate Judge. Motions *in limine* shall be due on May 4, 2018. Oppositions to motions *in limine* shall be due on May 11, 2018. The case will be deemed Ready for Trial on May 25, 2018. A pretrial conference shall be set in another order.

Counsel are directed to comply with this Court's Individual Rules.

SO ORDERED.

Dated: New York, NY
March 23, 2018

_____
KIMBA M. WOOD
United States District Judge