UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/18

-------------------------------------------------------x

ISAAC JOSEPH,

                     Plaintiff,

     -against-

SERGEANT JOSE LUIS DELUNA, Shield No.
3058, P.O. NICHOLAS LANE, Shield No.
5044, P.O. ANTHONY PERLONGO, Shield
No. 7866, P.O. MICHELLE BATISTA, Shield
No. 15578, P.O. CARLOS RAMOS, Shield No.
2287, and THE CITY OF NEW YORK,

                     Defendants.

15-CV-5602 (KMW)
**OPINION & ORDER**

-------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

Plaintiff Isaac Joseph ("Joseph") brings this action against Sergeant Jose Luis Deluna ("Deluna"), Police Officers Nicholas Lane, Anthony Perlongo, Michelle Batista, and Carlos Ramos (collectively, the "Individual Defendants"), and the City of New York (the "City"), for alleged civil rights violations and torts arising out of Joseph's 2014 arrest. Pending before the Court are the parties' motions in limine.

## I.    BACKGROUND

Around midday on April 23, 2014, Joseph exited from a train onto a platform at the 96th Street–Lexington Avenue subway station, where he saw a man in handcuffs and a woman seated nearby, crying hysterically.[1] Sergeant Deluna and Officer Batista were attempting to calm the woman, while Officer Perlongo and Officer Ramos tended to the man. Joseph observed the scene for a time, determined that Sergeant Deluna and Officer Batista were aggravating the

---

[1] These facts are taken from the Court's March 23, 2014 Opinion and Order. *See Joseph v. Deluna*, No. 15-CV-5602 (KMW), 2018 WL 1474398 (S.D.N.Y. Mar. 23, 2018) (Wood, J.). Because the factual background to this case is set forth in detail in there, it is only briefly summarized in this opinion.

woman's distress, and approached the woman to console her. The parties' accounts of what happened next differ, but they agree that the exchange culminated in Sergeant Deluna giving Joseph until "the count of three to walk away." When Sergeant Deluna counted to three and Joseph did not walk away, Deluna reached for Joseph to place him under arrest, at which point Joseph pulled his hand away. Joseph was ultimately arrested by Sergeant Deluna and Officers Batista and Perlongo and charged with obstructing governmental administration in the second degree, resisting arrest, and disorderly conduct. All of the charges were later dismissed.

Joseph alleges that during his arrest he was punched between twenty and forty times, kicked between ten and twenty times, stomped at least ten times, struck with a rod, and his head was bashed into the floor. He claims to have suffered both physical and emotional injuries as a result of his arrest, although he never sought medical treatment for these injuries. The Individual Defendants deny that any of them struck or kicked Joseph.

On July 17, 2015, Joseph filed this suit. (ECF No. 1.) On August 24, 2016, he filed the operative complaint, alleging claims for false arrest and excessive force under 42 U.S.C. § 1983 and claims for false arrest, assault and battery, and malicious prosecution under New York state law. (ECF No. 37.) He also alleged *respondeat superior* claims against the City based on his state-law claims. On March 23, 2018, the Court granted summary judgment in favor of Defendants on Joseph's state and federal false arrest claims and on his malicious prosecution claim. (ECF No. 81.) The Court denied summary judgment with respect to Joseph's excessive force claims, his assault and battery claims, and his *respondeat superior* claims against the City. Trial is scheduled to begin on February 5, 2019.

On June 4, 2018, Joseph moved in limine to preclude Defendants from offering testimony related to his prior arrests. (ECF No. 92.) Also on June 4, 2018, Defendants moved in limine to (1) amend the caption in this case to remove the City and Officer Lane; (2) preclude Joseph

from referring to defense counsel as "City attorneys" and from referencing the City's potential indemnification obligations to the Individual Defendants; (3) preclude Joseph from suggesting a specific dollar amount to the jury as a damages award; (4) preclude Joseph from offering certain photographs of his injuries into evidence; and (5) preclude Joseph from offering a "certificate of disposition" showing that the charges against him based on the April 23, 2014 incident were dismissed. (ECF No. 93.) The parties have also each filed proposed *voir dire* questions and proposed jury instructions. (ECF Nos. 85, 87, 90, 91.)

## II. LEGAL STANDARD

"The purpose of an in limine motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks and citation omitted). Where such a motion requests that certain evidence be precluded, Fed. R. Evid. 104 requires the court to make a preliminary determination on the admissibility of the evidence. *Soley v. Wasserman*, No. 08-CV-9262 (KMW), 2013 WL 3185555, at *3 (S.D.N.Y. June 21, 2013) (Wood, J.). Because a ruling on a motion in limine is "'subject to change as the case unfolds,'" the Court retains discretion to alter a previous in limine ruling during trial. *Palmieri*, 88 F.3d at 139 (quoting *Luce v. United States*, 469 U.S. 38, 41 (1984)).

## III. DISCUSSION

### A. Joseph's Prior Arrests

Joseph moves pursuant to Fed. R. Evid. 402 and 403 to preclude evidence of his prior arrests. During his deposition, Joseph testified that prior to the incident at issue in this suit, he was twice arrested for turnstile jumping. (ECF No. 99, Ex. 1, at 60:1–70:2.) He could not remember exactly when those arrests occurred, and his criminal record does not show either

3

arrest.  (*Id.*, Ex. 1, at 60:9–13, 68:22–69:3.)   According to Defendants, Joseph's prior arrests are probative of his state of mind, evincing why Joseph inserted himself into a potentially volatile situation on the subway platform and remained there despite officers asking him to leave. During the incident, Joseph told the defendant officers he had been arrested previously, those charges had been dismissed, and he expected any charges stemming from the current arrest would be dismissed as well.   Defendants argue this statement, coupled with Joseph's prior arrests, shows that Joseph thought "he could simply get through court, get the charge dismissed and even perhaps receive a settlement from the City after bringing a lawsuit."   (*Id.* at 3–4.)

Defendants fail to explain why Joseph's state of mind at the time of the arrest is relevant to his remaining claims, which are all force-based.   Joseph's allegedly cavalier attitude toward being arrested has no bearing on whether the defendant officers used excessive force or committed assault or battery.   Moreover, even assuming Joseph's state of mind is somehow relevant, his prior arrests fail Fed. R. Evid. 403's balancing test, which permits the court to exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice to a party.   Joseph's earlier arrests are, at best, minimally probative of his state of mind during the incident at issue in this case.   By comparison, the arrests present a risk that the jury will render a verdict based not on the conduct of the officers, but on Joseph's allegedly improper motives.   On balance, even assuming Joseph's state of mind is relevant—which the Court finds it is not—the probative value of the arrests are outweighed by the prejudice to Joseph.

Therefore, because Joseph's prior arrests are irrelevant, or in the alternative are unduly prejudicial, Joseph's motion to preclude his deposition testimony on those arrests is GRANTED.

**B.  Caption**

Defendants move to amend the caption to remove the City and Officer Lane.   The

4

motion to remove the City from the caption is DENIED because the City is a defendant in this action. *See Deluna*, 2018 WL 1474398, at *7 (stating that Joseph's *respondeat superior* claims against the City survive for trial). The motion to remove Officer Lane from the caption, which Joseph does not oppose, is GRANTED because no claims remain against Office Lane.

## C. References to "City Attorneys" and to the City's Potential Indemnification of the Individual Defendants

Defendants move to preclude Joseph from referring to defense counsel as City attorneys and from mentioning or offering any evidence that the City may indemnify the individual officers if they are found liable. Because the City is a defendant in this action, the motion to preclude Plaintiff from referring to Defendants' attorneys as "City Attorneys" is DENIED. Joseph offers no argument with respect to indemnification. Therefore, Defendants' motion to preclude Joseph from mentioning or offering any evidence that the City may indemnify the individual officers is GRANTED as unopposed.

## D. Request for a Specific Damages Amount

Defendants move to preclude Joseph from requesting a specific dollar amount from the jury. Although in this Circuit counsel are not prohibited from making such a request, specifying target amounts for the jury to award is "disfavored," and trial judges are encouraged to bar such recommendations or impose other reasonable limitations on counsel. *Consorti v. Armstrong World Industries, Inc.*, 72 F.3d 1003, 1016 (2d Cir. 1995), *vacated on other grounds sub nom. Consorti v. Owens-Corning Fiberglas Corp.*, 518 U.S. 1031 (1996); *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912–13 (2d Cir. 1997); *Mileski v. Long Island R.R.*, 499 F.2d 1169, 1174 (2d Cir. 1974). The Court agrees that the danger that a jury will give undue weight to the figures advanced by counsel is present in this case. *See Mileski*, 499 F.2d at 1174. Therefore, Defendants' motion is GRANTED in part and DENIED in part: Joseph will not be permitted to

5

suggest a specific damage award in his opening statement. The Court reserves decision on whether such a suggestion will be permitted during summation.

### E. Photographs of Joseph's Injuries

Defendants move to preclude Joseph from offering certain photographs of his injuries on the ground that Joseph cannot sufficiently authenticate the photographs, in contravention of Fed. R. Evid. 901.[2] At his deposition, Joseph testified that the photographs were taken within a year of the incidents at issue, but that he was not certain on what date the photographs were taken. (*See* ECF No. 72, Ex. 6, at 165:24–170:14.) Defendants argue that, based on this testimony, a reasonable juror could not conclude that the photographs are authentic.

Under Fed. R. Evid. 901(a), to authenticate an item of evidence, "the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." The standards for authentication are "minimal." *United States v. Tin Yat Chin*, 371 F.3d 31, 38 (2d Cir. 2004). Rule 901's requirement is satisfied, for example, if a witness with knowledge "[t]esti[fies] that [the] item is what it is claimed to be." Fed. R. Evid. 901(b)(1). "The proponent is not required 'to rule out all possibilities inconsistent with authenticity, or to prove beyond any doubt that the evidence is what it purports to be.'" *Tin Yat Chin*, 371 F.3d at 38 (quoting *United States v. Pluta*, 176 F.3d 43, 49 (2d Cir. 1999)).

Here, a reasonable juror could conclude that the photographs are authentic, even if Joseph is unable to pinpoint the date they were taken. Joseph's inability to identify exactly when the photographs were taken goes to their evidentiary weight, not their admissibility. *See, e.g.,*

---

[2] The parties did not include the referenced photographs as an attachment to their motions in limine or their joint proposed pre-trial order. However, the Court is aware that Joseph included copies of the photographs as an exhibit to his summary judgment papers, and has examined those copies in deciding Defendants' motion to preclude the photographs. (*See* ECF No. 75, Ex. 15.)

*United States v. Whittingham*, 346 F. App'x 683, 685 (2d Cir. 2009) (holding that properly-authenticated still images derived from surveillance videos were not rendered inadmissible by testimony that time-stamps on the images may have been incorrect). Defendants' motion to preclude the photographs is therefore DENIED.

## F. Certificate of Disposition of Criminal Charges Stemming from Joseph's Arrest on April 23, 2014

Defendants move to preclude Joseph from offering into evidence the "certificate of disposition" showing that the charge for which Joseph was arrested on April 23, 2014, was dismissed, relying on Fed. R. Evid. 402 and 403.[3] Joseph opposes this motion on the ground that if Defendants intend to present evidence regarding the charges brought against him, then he should be allowed to offer the certificate so that the jury is not led to believe he was convicted on those charges. Because Joseph's argument depends on whether the City introduces evidence on the charges brought against Joseph—and it is not clear to the Court whether Defendants intend to do so—it is premature to rule on Defendants' motion at this time. Defendants' motion to preclude the certificate is therefore DENIED without prejudice to renewal at trial.

## IV. The Parties' Proposed *Voir Dire* Questions and Proposed Jury Instructions

The parties have separately submitted separate proposed *voir dire* questions and proposed jury instructions. (ECF Nos. 85, 87, 90, 91.) Those submissions do not comply with the Court's Individual Rules and Practices ("Individual Rules"), which are available online at http://nysd.uscourts.gov/judge/Wood. The Court's Individual Rules require, among other things, parties to jointly submit proposed *voir dire* questions and proposed jury instructions, with

---

[3] The parties did not include the certificate of disposition as an exhibit to their motions in limine or their joint proposed pre-trial order. However, the Court is aware that Defendants included a copy of the certificate as an exhibit to their summary judgment papers, and, in deciding Defendants' motion, has examined that copy. (*See* ECF No. 72, Ex. 13.)

any disagreements in red-line.

By December 5, 2018, the parties shall jointly submit amended proposed *voir dire* questions and proposed jury instructions that comply with the Court's Individual Rules. If the parties cannot agree on any aspect of their proposed jury instructions or proposed *voir dire* questions, they are ordered to notify the Court by joint letter, not to exceed three pages in length, describing their disputes.

## V.    Conclusion

Joseph's motion in limine is GRANTED. Defendants' motions to remove Officer Lane from the caption and to preclude Joseph from mentioning or offering any evidence that the City may indemnify the Individual Defendants are also GRANTED. In addition, Joseph may not mention a specific damages amount during his opening statement. All of Defendants' other motions in limine are DENIED, with the exception that both parties may file additional motions in limine before November 2, 2018.

The parties are ORDERED to contact the Chambers of Magistrate Judge Fox, to schedule a settlement conference. The settlement conference shall take place no later than November 21, 2018.

The parties are further ORDERED to submit joint proposed *voir dire* questions and joint proposed jury instructions by December 5, 2018. These submissions must comply with this Court's Individual Rules and Practices.

The final pretrial conference is ADJOURNED to December 13, 2018, at 11:00 a.m.

.

8

The Clerk of Court is directed to terminate the motions at ECF Nos. 92 and 93, and to amend the caption of this case to remove Officer Nicholas Lane.

SO ORDERED.

Dated: New York, New York
October 19, 2018

*Kimba M. Wood*

KIMBA M. WOOD
United States District Judge